UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARYVILLE DATA SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05 CV 1535 JCH |
| ) | |
| PAMELA S. HOLMAN, ) | |
| PLEXENT CORPORATE, LP, and ) | |
| PLEXENT, LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand. Defendants Plexent Corporate and Plexent LLC (hereinafter, "Plexent") removed to this Court on the basis of diversity of citizenship. Plaintiff urges the Court to remand because of several alleged procedural defects in the removal. This matter is fully briefed and ready for disposition. For the reasons stated in this Memorandum and Order, Plaintiff's motion to remand is granted.

## **BACKGROUND**

By way of background, Maryville filed this action in the Circuit Court of St. Louis County on August 22, 2005. It alleges that its former employee, Pamela Holman, breached a non-competition agreement by going to work for Maryville's competitor, Plexent. (Petition, Doc. No. 1, attached exh. 1). Plexent removed to this Court on September 21, 2005, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal, Doc. No. 1). Maryville filed its Motion to Remand on September 27, 2005. (Doc. No. 5).

1

**DISCUSSION**

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." State ex rel. Nixon v. Nextel, 248 F.Supp. 2d 885, 888 (E.D. Mo. 2003). See also Amteco, Inc. v. BWAY Corp., 241 F.Supp. 2d 1028, 1029 (E.D.Mo. 2003).

In the Motion to Remand, Maryville puts forth three arguments for remand: (1) remand is required because Plexent did not obtain the consent of co-defendant Pamela Holman; (2) remand is required because Plexent did not attach copies of all of the state court proceedings to its notice of removal; and (3) Plexent waived its right to remand by pursuing a motion to dismiss in the state court. (Memorandum in Support of Motion to Remand, Doc. No. 6). Maryville also seeks attorney's fees under 28 U.S.C. § 1447(c).

**I. Consent of All Defendants**

"Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded." Marano Enters. v. Z-Teca Rest., 254 F.3d 753,755 (8th Cir. 2001). Maryville argues that because Plexent did not obtain Holman's consent to the removal, the case must be remanded. Plexent responds that because a settlement agreement was pending, Holman was merely a nominal party and her consent was not needed.[1] Plexent further asserts that Holman did

---

[1] Plexent also argues that Maryville gave Holman an indefinite extension of time to file any pleadings, so her consent is not yet due. A review of the email correspondence between the parties, however, discloses no agreement to extend the time for filing a consent to removal. (Supplemental Declaration of Francis X. Neuner, Jr., Doc. No. 15, attached exh. A, exh. 1).

2

consent to removal with Plexent's attorney. (Doc. No. 14, attached exh. 1). The Court will address each of these arguments.

Plexent argues that Holman was a nominal defendant, and thus her consent was not required. "[N]ominal defendants, those against whom no real relief is sought, need not join in the petition" for removal. Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002) (internal quotations omitted). The Court must thus determine if Holman was a nominal defendant at the time of the removal petition.

Recently, another district court found that "most lower federal courts have limited the 'exception' for formal or nominal party defendants to situations in which it is clear that the defendant is not a necessary or an indispensable [party] as a matter of law, the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." Fisher v. Dakota Cmty., 2005 WL 3312041, *5 (D. N.D., Dec. 2, 2005). See also Black's Law Dictionary (8th ed. 2005) ("nominal party. A party to an action who has no control over it and no financial interest in its outcome; esp., a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects.")

Plexent argues that, at the time of the removal, Holman was in the final stages of settlement negotiations with Maryville, so she was a nominal party and no consent was needed. The Court disagrees. In litigation, settlement negotiations are often ongoing. A party does not become a nominal party until a settlement is final. Bradley v. Md. Cas. Co., 382 F.2d 415, 419 (8th Cir. 1967) (defendant is nominal party when "record contains a written stipulation between . . . plaintiff, and . . . defendants, as to the compromise and settlement of the . . . action."); Reko v. Creative Promotions, Inc., 70 F.Supp. 2d 998, 1001 (D.Minn.1999) (defendant became a nominal party by virtue of finalized settlement and stipulation for entry of judgment). The Court further notes that a

3

month after removal, Holman had still not settled with Maryville. (Supplemental Declaration, Doc. No. 15, attached exh. 1). The Court finds that Holman is not a nominal party, and her consent was required for removal.

Plexent also argues that Holman did consent to removal, although not explicitly to the Court. "Removal jurisdiction requires all defendants to join in the removal petition or consent to removal within thirty days of service." Amteco, 241 F.Supp. 2d at 1029. See 28 U.S.C. § 1446(b). In Amteco, the Court held that, in order for removal to be appropriate, "each defendant must itself provide unambiguous consent directly to the court within thirty days of service." Id. at 1029. After reviewing the law followed by numerous other courts, the Amteco court concluded that, while "[t]he rule of unanimity does not require all defendants to sign the removal petition itself," Id. at 1030, consent to removal "must be communicated directly to the court," either orally or in writing. Id. at 1032. The Court expressly found that communication of consent to a co-defendant was insufficient under this standard. Id. Thus, Holman's consent to opposing counsel was inadequate for § 1446 purposes.

As Holman is not a nominal party and she did not consent to removal, this case must be remanded. Because the case will be remanded, the Court need not address Maryville's additional arguments.

## II.  **Request for Attorney Fees**

Maryvillle requests attorney's fees under 28 U.S.C. § 1447(c), which provides that "an order remanding the case may require payment of just costs and actual expenses, including attorney fees." 28 U.S.C. § 1447(c). The express language of the provision makes clear that the decision regarding whether to grant such costs is left to the discretion of the court. The Supreme Court has recently clarified when attorney's fees should be awarded under § 1447(c): the

"standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. ____, 2005 WL 3299410, slip op. 8 (December 7, 2005). Here Plexent had an objectively reasonable basis for seeking removal.

Therefore, Maryville's request for attorney fees is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case shall be remanded to the Circuit Court of the County of St. Louis, State of Missouri, in accordance with the Order of Remand entered in conjunction with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Attorney's Fees is **DENIED**.

Dated this 13th day of December, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE